UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN BROUGHAL | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| JJ MOTOR COMPANY d/b/a KEY | : | |
| HYUNDAI OF MANCHESTER | : | |
| and | : | DECEMBER 20, 2017 |
| MERIDEN MOTOR FINANCIAL, INC. | : | |
| Defendants | : | |

## COMPLAINT

## I. INTRODUCTION

1.      This is a suit brought by a consumer regarding the purchase and sale, and

repossession of a motor vehicle.  Plaintiff brings this action to recover actual, statutory,

and punitive damages, reasonable attorney's fees, and costs from the defendants, JJ

Motor Company d/b/a Key Hyundai of Manchester ("Key Hyundai") and Meriden Motor

Financial, Inc. MMF ("MMF").

2.      Plaintiff alleges that Key Hyundai's conduct violated the Truth in Lending

Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); the Credit Repair Organizations Act, 15 U.S.C. §

1679 *et seq.* ("CROA"); the provisions of the Connecticut Retail Installment Sales

Financing Act, Conn. Gen. Stat. § 36a-785 *et seq.* ("RISFA"); Article 9 of the Uniform

Commercial Code ("UCC"), Conn. Gen . Stat. §§42a-9-101 *et seq.,* and the Connecticut

Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a *et seq.*

3.      Plaintiff asserts claims against MMF as the assignee of one of two retail

installment sales contracts entered into between Plaintiff and Key Hyundai.

## II.     PARTIES

4.      Plaintiff, Ann Broughal ("Plaintiff"), is a consumer and a natural person residing in East Windsor, Connecticut.

5.      Defendant Key Hyundai is a Connecticut stock corporation located in Manchester, Connecticut.

6.      Defendant MMF is a Connecticut limited liability company located in Meriden, Connecticut.

## III.    JURISDICTION

7.      Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

8.      This court has jurisdiction over Key Hyundai because it is a Connecticut limited liability company that regularly conducts business in this state.

9.      This court has jurisdiction over MMF because it is a Connecticut limited liability company that regularly conducts business in this state.

10.     Venue in this court is proper, because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV.     FACTUAL ALLEGATIONS

11.     Key Hyundai, as part of its regular business practice, sells vehicles to consumers who require financing.

12.     Consumers who finance their purchases have two options:  They can obtain financing directly from a lender and deliver the loan proceeds to Key Hyundai, who would treat the transaction in much the same fashion as a cash purchase.  Or,

consumers can finance their purchases by entering into retail installment contracts directly with Key Hyundai.

13.     Key Hyundai generally does not retain possession of the retail installment contracts, but instead it assigns the retail installment contracts to third party banks or finance companies, who pay Key Hyundai in return for the assignment.

14.     Typically, prior to providing a consumer with a retail installment contract and prior to delivering possession of a vehicle to a consumer, Key Hyundai will obtain an agreement from a bank or finance company that it will accept assignment of the retail installment contract.

15.     Occasionally, Key Hyundai is unable to obtain a firm commitment to accept assignment of a vehicle at the time that a consumer is ready and willing to proceed with a financed purchase.

16.     In some instances, in order to avoid losing the sale, Key Hyundai will provide a consumer with a retail installment contract in the hope that any conditions for the extension of credit have been satisfied and that it will subsequently assign the contract to a finance company.

17.     In those instances, Key Hyundai has a general business practice of seeking to bind the consumer to the transaction even though it does not intend to honor the retail installment contract if it is unable to assign it to a third party.

18.     On or about October 31, 2017, Plaintiff went to Key Hyundai to purchase a vehicle.

19.     Plaintiff filled out a credit application with Jesse Santana ("Santana"), a Key Hyundai salesperson.  She told them her hours at work vary month to month when

completing the application and therefore her pay fluctuates in proportion to the hours she worked. Plaintiff also advised them that she had missed considerable time at work during the previous year caring for a family member.

20.     Another Key Hyundai employee, David Goodrich ("Goodrich"), located Plaintiff's paystubs in her trade-in vehicle, a 2009 Jeep Liberty (the "Jeep"), and he told Plaintiff that he would use these in completing Plaintiff's credit application.

21.     On information and belief, Goodrich submitted the credit application to finance companies utilizing pay stubs that only reflected the maximum amount she was paid in a single pay period instead of a sampling reflective of her actual income level.

22.     Plaintiff agreed to purchase a 2017 Hyundai Accent ("the "Vehicle") for a cash price of $16,885.

23.     Plaintiff signed a purchase order and a retail installment sale contract ("Contract 1") for the Vehicle.

24.     Contract 1 contained a GAP Addendum charge of $900 and a service contract charge of $1,400.

25.     Plaintiff told Key Hyundai that she did not want either one of these extras, but they nevertheless charged her for them.

26.     Contract 1 lists a $500 cash down payment and $2,500 "retail bonus cash", even though Plaintiff was not asked to make any down payment and did not make any down payment.

27.     The financing terms of Contract 1 included an annual percentage rate ("APR") of 13.95%.

28.     Key Hyundai is listed as the "seller-creditor" on Contract 1.

4

29.     Contract 1 included a provision indicating that Key Hyundai was to assign the contract to Regional Acceptance Corporation.

30.     The Vehicle was registered to Plaintiff on October 31, 2017.

31.     On information and belief, Regional Acceptance Corporation declined to take assignment of Contract 1.

32.     Shortly thereafter, Goodrich called Plaintiff and told her that the "contract did not go through" and she had to come back to Key Hyundai and sign a new contract if she wished to keep the Vehicle.

33.     Plaintiff signed a second purchase order and retail installment sales contract ("Contract 2") on November 24, 2017.

34.     Contract 2 listed a larger false down payment of $3,000 and "retail bonus cash" of $3,000.

35.     A portion of the $3,000 down payment, $2,500, was intended as a "pick-up payment" that would be paid in periodic installments of $250 every two weeks. The pick up payments were expected to continue beyond the time that the first disclosed installment payment under Contract 2 became due.

36.     Contract 2 also contains the GAP Addendum and service contract that Plaintiff had stated that she did not want, though the cost of the GAP Addendum was reduced to $850 without explanation.

37.     Contract 2 included a provision that it was to be assigned to Capital One Auto Finance.

38.     On information and belief, Capital One Auto Finance declined to take assignment of Contract 2.

5

39.     On December 4, 2017, Key Hyundai called Plaintiff and demanded that she return the Vehicle, because it was unable to assign Contract 2.

40.     Key Hyundai falsely accused Plaintiff of lying about her income level on her credit application, when it was Key Hyundai who provided the inflated income information to potential assignees in order to induce them to accept assignment, and Key Hyundai personnel had instructed Plaintiff to lie to Capital One regarding her employment and the amount paid as a down payment.

41.     Plaintiff answered Capital One truthfully when questioned about her employment status and the amount that she paid as a down payment and, on information and belief, that is the reason that Capital One refused to accept assignment of Contract 2.

42.     Subsequently, representatives of Key Hyundai contacted Plaintiff and informed her that she was required to return the Vehicle.

43.     Plaintiff, through counsel, served written demand regarding her claims on Key Hyundai.

44.     On or about December 15, 2017, on information and belief, Key Hyundai assigned Contract 2 to MMF.

45.     MMF, which is licensed by the state of Connecticut as a sales finance company, shares common ownership and management with Key Hyundai.

46.     MMF has elected to retain the benefits of Contract 2 notwithstanding its knowledge of Plaintiff's claims.

47.     MMF is liable to the Plaintiff pursuant to the FTC Holder Rule, the terms of Contract 2, and Conn. Gen. Stat. § 52-572g.

## V.     CAUSES OF ACTION

### Count One - Truth in Lending Act – Contract 1

48.     To the extent that the extension of credit to Plaintiff was conditional, Key Hyundai violated TILA because it understated the Annual Percentage Rate, in that the monthly payments presume the extension of credit as of the date of the contract.

49.     Contract 1 lists a false down payment, which caused the amount financed to be listed inaccurately. Specifically, the effective cash price of the Vehicle was lower than the amount stated, and the sales tax was assessed on the higher, inflated, price stated in Contract 1. This excess sales tax would not have been charged in a cash transaction.

50.     Key Hyundai is liable to Plaintiff for her actual damages, plus statutory damages of double the finance charge, but not less than $200 nor more than $2,000, and a reasonable attorney's fee for its violations of TILA.

### Count Two – Truth in Lending Act – Contract 2

51.     To the extent that the extension of credit to Plaintiff was conditional, Key Hyundai violated TILA because it understated the Annual Percentage Rate, in that the monthly payments presume the extension of credit as of the date of the contract.

52.     Contract 2 lists a false down payment, which caused the amount financed to be listed inaccurately. Specifically, the effective cash price of the Vehicle was lower than the amount stated, and the sales tax was assessed on the higher, inflated, price stated in Contract 2. This excess sales tax would not have been charged in a cash transaction.

53.     The pick-up payments for the down payment were incorrectly included as part of the down payment in Contract 2 and were not included in the schedule of payments in violation of 12 C.F.R. § 226.17 and § 226.18.

54.     Key Hyundai is liable to Plaintiff for her actual damages, plus statutory damages of double the finance charge, but not less than $200 nor more than $2,000, and a reasonable attorney's fee for its violations of TILA.

**Count Three - Credit Repair Organizations Act (Key Hyundai Only)**

55.     By falsely representing Plaintiff's income and the amount paid as a down payment to Regional Acceptance Corp and to Capital One, and by counseling Plaintiff to lie to Capital One regarding her employment and the amount paid as a down payment, Key Hyundai violated 15 U.S.C. § 1679b(a)(1), which prohibits any person from making any statement, or advising any consumer to make any statement, that is untrue or misleading with respect to any consumer's credit worthiness, credit standing, or credit capacity to any person to whom the consumer has applied or is applying for an extension of credit.

56.     Key Hyundai is liable to Plaintiff for damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1679g.

**Count Four – Connecticut Retail Installment Sales Finance Act – Contract 1 (Key Hyundai Only)**

57.     Key Hyundai's conduct in requiring that Plaintiff execute Contract 2 as a condition of retaining possession of the Vehicle when she was not in breach constituted a violation of the repossession provisions of RISFA, Conn. Gen. Stat. § 36a-785.

58.     Key Hyundai failed to provide any of the notices required by RISFA.

59.     Plaintiff is entitled to actual damages or statutory damages of 25% of the amount paid under the Contract pursuant to Conn. Gen. Stat. § 36a-785.

**Count Five - UCC Article 9 Violations – Contract 1 (Key Hyundai Only)**

60.     Key Hyundai's conduct in requiring that Plaintiff execute Contract 2 as a condition of retaining possession of the Vehicle when she was not in breach constituted a violation of the repossession provisions of Article 9 of the UCC.

61.     Key Hyundai is liable to Plaintiff pursuant to C.G.S. § 42a-9-625 for an amount equal to the finance charge plus ten percent of the principal amount financed as shown on Contract 1.

**Count Six - Retail Installment Sales Finance Act – Contract 2 (Both Defendants)**

62.     Key Hyundai's listing of a false down payment, its failure to include as part of Contract 2 the terms regarding the pick-up payments, its treatment of Contract 2 as conditional upon assignment to a third party without including that condition as part of the contract, and its TILA violations all constitute violations of RISFA.

63.     Key Hyundai's violations of RISFA were willful.

64.     Plaintiff is entitled to an order pursuant to Conn. Gen. Stat. § 36a-786 that Key Hyundai and MMF are not entitled to collect any finance or credit charges under Contract 2.

**Count Seven - Connecticut Unfair Trade Practices Act (Both Defendants)**

65.      The actions of Key Hyundai as previously alleged constituted unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*.

66.      To the extent that Key Hyundai did not extend credit to Plaintiff, its delivery of the Vehicle to Plaintiff when financing had not been approved was a violation of Conn. Gen. Stat. § 14-62(h) and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23).

67.      Plaintiff has suffered an ascertainable loss in that she has been threatened with repossession and has purchased add-ons that she neither requested nor desired, and she has been obligated to make payments and pick-up payments that she cannot afford, and she has feared the repossession of her Vehicle, which she requires to maintain her employment.

68.      For Key Hyundai's violations of CUTPA, Plaintiff seeks actual damages, punitive damages, and a reasonable costs and attorney's fee.

69.      Plaintiff also seeks equitable relief in the form of an order that she be permitted to retain the Vehicle and that she not be responsible for finance charges.

Wherefore, Plaintiff claims actual damages, punitive damages, statutory damages,  attorney's fees and costs, and an order pursuant to Conn. Gen. Stat. § 36a-786 that Key Hyundai and MMF are not entitled to collect any finance or credit charges under the Contract.  Plaintiff also claims such other relief to which she is entitled at law or in equity.

PLAINTIFF, ANN BROUGHAL

By: /s/ *Brendan L. Mahoney – ct29839*

Daniel Blinn, Esq.
dblinn@consumerlawgroup.com
Brendan L. Mahoney, Esq.
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel (860) 571-0408
Fax (860) 571-7457